**AMERICAN HEARING AID ASSOCIATES, INC., Plaintiff,**

v.

**GN RESOUND NORTH AMERICA, t/a GN ReSOUND Corporation, Defendant.**

**No. CIV.A. 01–5404.**

United States District Court, E.D. Pennsylvania.

April 28, 2004.

James A. Keller, William M. Janssen, Saul Ewing LLP, Philadelphia, PA, for Plaintiff.

Leigh W. Marquardt, Nicholas M. Centrella, Conrad O'Brien Gellman & Rohn PC, Philadelphia, PA, Steven T. Whitmer, Terrence P. Canade, Lord, Bissel & Brook LLP, Chicago, IL, for Defendant.

### ORDER

Robert F. KELLY, Senior District Judge.

**AND NOW,** this 28th day of April, 2004, upon consideration of Plaintiff's Motion to Alter or Amend the Judgment and to Postpone Further Deliberations on Attorneys' Fees (Doc. No. 54), and the Response thereto, the Court notes the following:

1. Plaintiff filed this Motion with regard to this Court's March 22, 2004 Memorandum and Order granting Defendant's Motion for Summary Judgment. Plaintiff's Motion to Alter or Amend the Judgment (Motion for Reconsideration) requests that this Court reconsider and vacate the March 22, 2004 Judgment and Order. Moreover, Plaintiff requests that this Court postpone any further consideration of Defendant's attorneys' fees request pending resolution of an appeal to the Court of Appeals for the Third Circuit ("Third Circuit").

2. A motion for reconsideration is appropriate only where: (1) there has been an intervening change in controlling law; (2) new evidence is available; or (3) there is need to correct a clear error of law or prevent manifest injustice. *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir.1995). "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Drysdale v. Woerth*, 153 F.Supp.2d 678, 682 (E.D.Pa.2001) (citation omitted). Additionally, "[b]ecause federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." *Id.*

3. In this case, Plaintiff does not contend that it has new evidence or that there has been a change in the controlling law. The alleged basis for Plaintiff's Motion is that this Court's March 22, 2003 Memorandum and Order granting summary judgment for the Defendant contained errors of law that have created a manifest injustice to Plaintiff. Specifically, Plaintiff claims that this Court committed errors of law in interpreting California law when it granted summary judgment in favor of the Defendant concerning Plaintiff's claims for breach of contract and breach of the implied covenant of good faith and fair dealing.

4. For the most part, through this Motion, Plaintiff reasserts the same arguments that it made at the summary judgment stage of this litigation. In fact, Plaintiff cites many of the same cases in this Motion that this Court considered and cited in granting summary judgment in favor of the Defendant. The new cases that Plaintiff cites do not persuade this Court to amend its previous analysis or vacate its March 22, 2003 decision concerning the causes of action at issue in the instant Motion.[1]

5. With regard to the express breach of contract claim, summary judgment in favor of the Defendant was appropriate because Plaintiff failed (and still fails) to direct this Court to any contractual provision that was breached by the Defendant's conduct. Moreover, in relation to the breach of the implied covenant of good faith and fair dealing claim, summary judgment in favor of the Defendant was appropriate because Plaintiff's claim attempted to impose limits on Defendant's conduct in a manner not reflected in the contract at issue in this case. As the California Supreme Court has noted (and was emphasized by this Court in the March 22, 2004 Memorandum), this covenant cannot "be endowed with an existence independent of its contractual underpinnings." *Guz v. Bechtel Nat'l Inc.*, 24 Cal.4th 317, 100 Cal.Rptr.2d 352, 8 P.3d 1089, 1110 (2000) (citations omitted). In other words, as stressed by this Court in the March 22, 2004 Memorandum, California law is clear that the covenant "cannot impose substantive duties or limits on the contracting parties beyond those incorporated in the specific terms of the agreement." *Id.*[2]

■ 6. Based on the foregoing, this Court finds that there is no clear errors of law that need to be corrected regarding the March 22, 2004 Memorandum and Order. Further, this Court will not postpone further deliberations concerning Defendant's attorneys' fees, notwithstanding a potential appeal to the Third Circuit.

Accordingly, it is **ORDERED** that:

7. Plaintiff's Motion to Alter or Amend the Judgment and to Postpone Further Deliberations on Attorneys' Fees (Doc. No. 54) is **DENIED**.

8. Plaintiff shall respond to Defendant's Petition for Fees and Costs (Doc. No. 55) within fifteen (15) days from the date of this Order.

---

1. The new cases that Plaintiff cites are either non-controlling, clearly distinguishable or do not address the pertinent issues relating to the two causes of action at issue in this Motion.

2. Interestingly, the *Pasadena Live, LLC v. City of Pasadena* case that the Plaintiff cites for the first time in the instant Motion supports this Court's decision that Plaintiff's implied covenant claim failed as a matter of California law. 114 Cal.App.4th 1089, 8 Cal.Rptr.3d 233 (2004). In *Pasadena Live,* the California Court of Appeal noted that "[t]he implied covenant of good faith and fair dealing is limited to assuring compliance with the *express terms* of the contract, and cannot be extended to create obligations not contemplated by the contract." 8 Cal.Rptr.3d at 237 (citing 1 Witkin, Summary of Cal. Law (2003 supp.) Contracts, § 743, p. 449) (emphasis in original). This recent California case clearly displays that Plaintiff's implied covenant claim failed as a matter of California law because Defendant's conduct was within the bounds of the express contract.